IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re RED ROCK VENTURES, LLC and KEVIN HOGAN as owners and/or owners Pro Hac Vice of S/V FREE FALL, a 2002 44-foot Nautor Swan sailing vessel, FOR EXONERATION FROM OR LIMITATION OF LIABILITY. | CIVIL NO. 09-2003(NLH)(JS)<br><br>**MEMORANDUM OPINION & ORDER** |

**Appearances:**

TIMOTHY E. ANNIN
KELLEY, WARDELL, CRAIG, ANNIN & BAXTER, LLP
41 GROVE STREET
HADDONFIELD, NJ 08033

    On behalf of petitioners

**HILLMAN, District Judge**

    Presently before the Court in this admiralty action is petitioners' motion to bar all claims and exonerate them from liability, which is unopposed; and

    Petitioners are the owners of S/V FREE FALL, a 2002 44-foot Nautor Swan sailing vessel; and

    On October 22, 2008, the vessel's owner, Kevin Hogan, along with two experienced off-shore sailors, Philip Rubright and Tracie Garvie, departed from Jamestown, Rhode Island enroute to Charleston, South Carolina; and

    At that time, the weather conditions appeared to be favorable for their entire journey; but

    On October 28, 2008, with no warning, the wind shifted and the

weather worsened dramatically, with wave heights increasing to over 40 feet, and the wind speed approaching 60 knots; and

The crew decided to ride out the storm in the cabin below; but

At some point during the day, the vessel's bow violently lifted, it capsized, lay upside down for several minutes, until she righted herself, dismasted; and

It appears that the vessel was the victim of a "rogue wave"; and

Mr. Rubright was severely injured during the capsize and dismasting; and

Following the capsize and dismasting, the vessel activated the emergency position-indicating radio beacon, which resulted in a United States Coast Guard rescue helicopter arriving on the scene several hours later; and

A USCG rescue swimmer dropped into the sea and made preparations to hoist Mr. Rubright aboard the helicopter; but

Mr. Rubright was unable to be successfully positioned into the rescue basket or life raft, and he perished during the rescue attempt; and

On April 28, 2009, petitioners filed a Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501, et seq. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime claims of the Federal Rules of Civil Procedure; and

On April 30, 2009, this Court ordered the Clerk of the Court

to issue a Notice to all persons asserting claims or suits with respect to the subject of petitioners' complaint, and file their claims with the Clerk and serve a copy on petitioners' attorneys on or before June 30, 2009, or be defaulted; and

The Court further ordering petitioners to publish notice in the Press of Atlantic City newspaper once a week for four weeks before June 30, 2009 and mail the notice to every person known to have any claim against the vessel or petitioners; and

Petitioners having complied with the Court's Order; and

Prior to June 30, 2009, an informal claim by the estate of Mr. Rubright and his widow was settled for $35,000; and

No formal claims have ever been presented to petitioners or filed in any court; and

Petitioners are now seeking an order from the Court to bar claims and exonerate them from liability arising from the capsize and dismasting of the vessel pursuant to 46 U.S.C. § 30505, which provides, in relevant part, that "the liability of the owner of a vessel for any claim, debt, or liability . . . shall not exceed the value of the vessel and pending freight" when that liability occurred "without the privity or knowledge of the owner"; and

The determination of whether a shipowner is entitled to a limitation of or exoneration from liability requires the court to engage in a two step inquiry: first, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident, and second, the court must determine whether the owner of

the vessel had "knowledge or privity" of these acts of negligence or conditions of unseaworthiness, In re Munyan, 1992 WL 13196, *2 (D.N.J. 1992) (citations omitted); see also Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 948 (3d Cir. 1985) (explaining that the burden of proof in an action seeking exoneration from or limitation of liability is divided: the claimant must prove that the destruction or loss was proximately caused by negligence on the vessel, and once negligence has been shown to be the cause, the burden then shifts to the shipowner to demonstrate that he comes within the statutory exemption because there was neither design, neglect, privity, nor knowledge on his part); Gorman v. Cerasia, 2 F.3d 519, 523 (3d Cir. 1993) (explaining, "in a proceeding known as a concursus, the district court, sitting in admiralty without a jury, determines whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed"); and

In this case, petitioner Kevin Hogan has provided a certification and recorded statement under penalty of perjury stating that the vessel was seaworthy and equipped to survive heavy off-shore weather, and that the weather conditions and the rogue wave were unforecast, unforeseeable, and not within his control or knowledge; and

There are no claims that petitioners were negligent or otherwise had knowledge concerning the circumstances which caused

4

the vessel's capsize and dismasting and Mr. Rubright's resulting death; and

Even if such claims existed, those claims were required to be filed by June 30, 2009; and

Because (1) no claims have been filed, and therefore no claimant can establish petitioners' negligence, (2) petitioners' complaint and motion concerning their lack of knowledge or privity have gone unanswered and unopposed; and (3) the evidence on the record does not provide any basis for the finding of petitioners' negligence;

Accordingly,

IT IS HEREBY on this 31st day of March, 2010

ORDERED that petitioners' motion to bar all claims and exonerate them from liability [4] is GRANTED; and it is further

ORDERED that all claims against petitioners are BARRED; and it is further

ORDERED that petitioners are EXONERATED from liability for the capsize and dismasting of the S/V FREE FALL on or about October 28, 2008; and it is further

ORDERED that the Clerk of the Court is directed to mark this matter as CLOSED.

                                        s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.